## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

DANTE ESPINOZA-HERNANDEZ,    )
                    )
      Petitioner,       )
                    )
vs.                    )      Case No. CIV-16-436-F
                    )
UNITED STATES OF AMERICA,    )
                    )
      Respondent.     )

## REPORT AND RECOMMENDATION

Petitioner, a federal prisoner incarcerated at a federal facility located within the territorial jurisdiction of the Western District of Oklahoma, petitions under 28 U.S.C. § 2241, requesting "credit for the 8 months incarcerated in Victoria Cty., Texas, so that my out date reflect such a credit." Doc. 1, at 8.[1] United States District Judge Stephen P. Friot has referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C).

## I.    History and analysis.

### A.    Administrative exhaustion and Petitioner's allegations.

Petitioner states he is serving a sentence imposed in the Southern District of Texas in Criminal Nos. 6:14-74-1, 7:14-625-1. *Id.* at 1. In the

---

[1]    Citations to court documents are by their electronic case filing designation and pagination; quotations are verbatim unless otherwise indicated.

portion of the form petition headed "Your Earlier Challenges of the Decision or Action," Petitioner affirmatively responds when asked, "Did you appeal the decision, file a grievance, or seek an administrative remedy?" *Id.* at 2. He alleges that he did so in March 2016 in the United States District Court for the Southern District of Texas, Victoria Division; that the court denied relief on April 12, 2016 for lack of jurisdiction, and that he did not file a second appeal to a higher authority, agency, or court because "When my motion was denied for lack of jurisdiction, in the same document I was instructed to file a motion under 28 USC § 2241 in the jurisdiction of my place of incarceration." *Id.* at 2, 3.

"It has long been settled that, before a federal inmate may seek review of complaints relating to aspects of his imprisonment such as computation of his sentence, he must exhaust the administrative remedies set forth in 28 C.F.R. §§ 542.13-.1[9]." *Sandefur v. Pugh*, Nos. 98-1377, 98-1400, 1999 WL 679685, at *1 (10th Cir. Sept. 1, 1999) (unpublished op.). Petitioner is well-aware of this requirement. When Senior United States District Judge John D. Rainey, Southern District of Texas, denied Petitioner's "motion seeking credit on his federal sentence for the eight months he spent incarcerated in Victoria County, Texas," he did, as Petitioner contends, state that Petitioner's credit challenge should be brought under 28 U.S.C. § 2241 in the district where he is incarcerated. *See United States v. Espinoza-Hernandez*, Criminal

No. 6:14-74-1, Doc. 36 (S.D. Tex. Apr. 12, 2016).[2]   But Judge Rainey cautioned that Petitioner should file such petition "*after first exhausting his administrative remedies*," *id.* at 1-2 (emphasis added), noting that "[a] defendant is required to exhaust available administrative remedies through the Bureau of Prisons before litigating the computation of his sentence in federal court," and citing *United States v. Wilson*, 503 U.S. 329, 335 (1992). *Id.* at 2 n.1.

Petitioner mailed his § 2241 petition to this Court for filing on April 25, 2016, less than two weeks after Judge Rainey's April 12, 2016 order. *Espinoza-Hernandez v. United States*, CIV-16-436-F, Doc. 1, at 9 (W.D. Okla. Apr. 28, 2016).   He alleged having challenged his sentence computation before filing his petition in this Court but had done so only through the motion denied by the sentencing court on April 12, 2016.   By doing so, he implicitly acknowledged he had not sought administrative relief through the Bureau of Prisons [BOP].   *Id.* at 2-6.   Notably, he maintains that "[t]his motion is my second appeal." *Id.* at 4.

---

[2]    The undersigned takes judicial notice of the proceedings in the criminal cases Petitioner references in his petition. *See United States v. Pursley*, 577 F.3d 1204, 1214 n.6 (10th Cir. 2009) (exercising discretion "to take judicial notice of publicly-filed records in [this] court and certain other courts concerning matters that bear directly upon the disposition of the case at hand").

**B.      Order to show cause and Petitioner's response.**

Based on the foregoing, the undersigned ordered Petitioner to show cause on or before June 21, 2016, why this action should not be dismissed without prejudice due to his failure to exhaust his administrative remedies. Doc. 6, at 3.  The undersigned advised Petitioner that if he failed to show cause, either by virtue of his argument or by neglecting to timely respond to the show cause order, the undersigned would recommend dismissal on the stated grounds. *Id.* at 4.

Petitioner did not file a timely response.  Instead, in a June 30, 2016 filing, he requested an indeterminate extension of time to respond to the order to show cause, stating, "I am going to receive in a few days copy of the documents I sent the authorities of this facility, and the Sentence computation and Designation Center of the BOP, asking to address this issue." Doc. 7.[3] The undersigned accepted Petitioner's representation that as of June 17, 2016, he was expecting to receive presumably pertinent documents "in a few days," *id.*, and extended his response time so that he could receive and utilize those documents in responding to the show cause order.  Doc. 8, at 2.  The undersigned advised that "[i]f Petitioner is only now in the process of exhausting his administrative remedies, this comes too late.

---

[3]      Petitioner dated his extension request "June 17, 2016."  Doc. 7.  His mailing envelope, however, was not postmarked until June 29, 2016, and was not received by this Court until June 30, 2016.  *Id.* Att. 1.

This was a process Petitioner was required to complete *prior* to filing his petition for relief in this Court. *See* Doc. 6." *Id.* at 1.

Petitioner has now filed what he claims are "the documents that prove that I attempted to resolve this issue with the BOP before requesting the consideration of your court." Doc. 9. He attached copies of only two documents. The first is a copy of his letter dated March 24, 2016, to the Sentence Computation and Designation Center stating he "would like the calculation of my sentence to be revised" and claiming, as he does in this Court, that he was not given credit for jail time in Victoria County, Texas. *Id.* Att. 1. Petitioner did not attach a copy of any response to this letter. The second document is a copy of Petitioner's form BOP request to staff in "RECORDS" – dated June 17, 2016, around eight weeks after he filed his petition – for "a detail of the computation of my sentence, since I did not receive credit for incarceration in Victoria, TX[.]" *Id.* Att. 2. A staff member responded with attached documentation on June 20, 2016, advising Petitioner that he had received the credits due him. *Id.*

C. **As shown by his petition and confirmed by his response to the court's order to show cause, Petitioner did not exhaust his administrative remedies before requesting federal habeas relief.**

Petitioner was required to fully exhaust his administrative remedies before seeking federal habeas relief. As the Supreme Court explains,

> [b]ecause exhaustion requirements are designed to deal with parties who do not want to exhaust, administrative law creates an incentive for these parties to do what they would otherwise prefer not to do, namely, to give the agency a fair and full opportunity to adjudicate their claims. Administrative law does this by requiring proper exhaustion of administrative remedies, which "means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)."

*Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (citation omitted). Under "the BOP's administrative remedy protocol, a prisoner must first seek informal redress for his grievance and then he can proceed through the formal administrative appeal process, which includes, in sequence, institutional, regional, and national (central) levels of review. *See* 28 C.F.R. §§ 542.13-.19." *Acosta v. Daniels*, 589 F. App'x 870, 872 (10th Cir. 2014). "The exhaustion of available administrative remedies is a prerequisite for § 2241 habeas relief . . . ." *Garza v. Davis*, 596 F.3d 1198, 1203 (10th Cir. 2010).

By his petition, Petitioner effectively conceded his failure to exhaust his remedies through the multi-stage BOP administrative protocol.[4] Then, when provided with the opportunity to demonstrate exhaustion, Petitioner submitted only two documents, a letter not prescribed by the BOP process and a request to staff submitted weeks after he filed his petition for habeas relief in this Court.

---

[4]     *See* 28 C.F.R. §§ 542.13-.19.

**II.    Recommendation and notice of right to object.**

Because Petitioner failed to exhaust his administrative remedies before seeking relief in this Court, the undersigned recommends the dismissal of this action without prejudice to refiling.

The undersigned advises Petitioner of his right to file an objection to this Report and Recommendation with the Clerk of Court on or before August 4, 2016, under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The undersigned further advises Petitioner that failure to file a timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

The undersigned instructs the Clerk of Court to mail a copy of this Report and Recommendation to the United States Attorney for the Western District of Oklahoma.

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED this 15th day of July, 2016.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE